In the Matter of the Estate of ANNA A. PURCELL, Deceased.

Surrogate's Court, Kings County, October 25, 1951.

*Daniel G. Connolly* and *David Keller* for Edward D. McLaughlin, as executor of Anna A. Purcell, deceased, petitioner.

*Manes, Sturim & Donovan* for Anna Hanlon, respondent.

RUBENSTEIN, S. This is a proceeding in discovery to recover the proceeds of a bank account alleged to be the property of the estate of testatrix and which should be paid to the petitioner as the executor of her estate.

The material facts are not in dispute. It appears that prior to March 8, 1950, testatrix was a depositor in the Dime Savings Bank of Brooklyn. On such date, she appeared at its Avenue J branch with one, Anna Hanlon, the respondent. She had resided with respondent for approximately seven years and was friendly disposed toward her. At such time, testatrix applied to the new account teller of such bank to amend her account from her own name to one in her name in trust for the respondent. This

was accomplished by execution by the testatrix of the proper instruments and she and respondent, who had accompanied her, then left the bank.

Testatrix died March 25, 1950, and the balance in the account was paid by the bank to the respondent. Petitioner now claims the account as executor of the estate. There is an absence of proof that testatrix either revoked or disaffirmed her act during her lifetime or by a last will and testament.

Almost fifty years ago, the Court of Appeals in *Matter of Totten* (179 N. Y. 112) laid down the law applicable to the foregoing facts. In resolving the conflicting rules of law in the different Appellate Divisions, Judge VANN said for the unanimous court (pp. 125–126): " After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. *In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."* (Italics furnished.)

This rule has been followed by the various courts in this State since its pronouncement and as recently as July 11, 1951. was reaffirmed in *Matter of Halpern* (303 N. Y. 33).

Petitioner's attorney makes much of testatrix' advanced age and overreaching on the part of respondent but there is not a scintilla of proof of fraud or undue influence; on the contrary, it appears from petitioner's witnesses that the testatrix was a person in good mental and physical health, entirely rational and aware of her every act.

Upon the facts and the law, the court determines that respondent at the time of testatrix' death was the owner of the bank account. For these reasons the proceeding is dismissed.

Proceed accordingly.